IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARY E. FRENCH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-1079-WKW |
| ) | [WO] |
| DAVENPORT AGENCY, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On November 23, 2020, Gary French and Mid-State Movers, LLC (collectively "Plaintiffs") filed a complaint in the Circuit Court of Montgomery, Alabama against the following Defendants: (1) Davenport Agency, Inc. (the "Davenport Agency"); (2) Gary Davenport ("Davenport"); (3) Berkshire Hathaway Homestate Insurance Company ("Berkshire"); (4) Penn Star Insurance Company ("Penn Star"); and (5) certain fictitious defendants. (Doc. # 1-9.) Plaintiffs bring a declaratory judgment action against Berkshire and Penn Star "to determine and declare the rights, status, and other legal relations" pertaining to coverage under an insurance policy. (Doc. # 1-9, at 4.) Plaintiffs also assert a negligent failure to procure insurance claim against the Davenport Agency and Davenport. (Doc. # 1-9, at 5.)

It is undisputed that Plaintiffs, the Davenport Agency, and Davenport are all Alabama citizens. It is also undisputed that Berkshire is a Nebraska citizen and that Penn Star is a Pennsylvania citizen. On December 30, 2020, Berkshire removed the case to federal court based on diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441, and 1446. Berkshire contends that Plaintiffs fraudulently joined the non-diverse Defendants—the Davenport Agency and Davenport—to defeat federal-diversity jurisdiction. Before the court is Plaintiffs' Motion to Remand (Doc. # 7.) For the reasons discussed below, the motion is due to be granted.

An action is removable if the joinder of a non-diverse party is fraudulent. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The presence of a fraudulently joined, non-diverse defendant does not defeat diversity jurisdiction because where the joinder is fraudulent, the court "must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007). Generally, Fraudulent joinder exists in three situations: (1) "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant"; (2) "when there is outright fraud in the plaintiff's pleading of jurisdictional facts"; or (3) "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the

2

claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287.[1]

Regarding the first type of fraudulent joinder, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quotations omitted). That possibility, however, must be "reasonable, not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005).

The removing party bears the burden of proving fraudulent joinder by "clear and convincing evidence," and the burden is "'a heavy one.'" *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). A court examines fraudulent joinder based on the plaintiff's pleadings at the time of removal, but it also "may consider affidavits or deposition transcripts submitted by the parties." *Id.*; *see also Legg*, 428 F.3d at 1324. Additionally, the court "draw[s] all reasonable inferences from the record in the plaintiff's favor and then resolve[s] all contested issues of fact in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1541–42 (11th Cir. 1997). In this way, the inquiry resembles that required on a motion for summary judgment;

---

[1] Because Berkshire's fraudulent joinder argument only involves whether there is a reasonable possibility that Plaintiffs can prove a cause of action against the Davenport Agency and Davenport, the following discussion is limited to the first situation outlined in *Triggs*.

3

however, the inquiry differs in that the court may not "weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* at 1538. In other words, "there need only be a reasonable basis for predicting that the state law *might* impose liability on the facts involved." *Id.* at 1542 (citation and internal quotation marks omitted).

  A brief overview of the facts giving rise to Plaintiffs' negligent procurement claim against the Davenport Agency and Davenport is useful to provide context for why the case is due to be remanded to state court. Plaintiffs, who are in the business of moving mobile homes, "purchased insurance policies through the Davenport Defendants to protect them . . . in the event that . . . property was damaged in the course" of their business operations. (Doc. # 1-9, at 3.) On November 1, 2019, Plaintiffs damaged a customer's mobile home while moving it. As a result, Plaintiffs filed claims with both Berkshire and Penn Star, but both insurance companies denied Plaintiffs' claims. (Doc. # 1-9, at 3–4.)[2] Plaintiffs then contacted Davenport "who acknowledged the Plaintiffs should have been covered for the damages" to the customer's mobile home, "and if . . . they were not, then it was the Davenport Defendants' fault for failing to procure the proper insurance coverage." (Doc. # 1-

---

[2] The customer whose mobile home was damaged filed suit against Plaintiffs in a separate action. (*See* Doc. # 1-4 (customer's state court complaint against Plaintiffs).) While Berkshire and Penn Star initially refused to provide Plaintiffs with a defense in that case, both companies eventually "agreed to provide a defense, but only under a reservation of rights; they still deny that they are obligated to pay any judgment" relating to the customer's case. (Doc. # 1-9, at 4.)

9, at 4.) These allegations form the basis of Plaintiffs' negligent failure to procure insurance claim against the Davenport Agency and Davenport.

"Like any other negligence claim, a claim in tort alleging negligent failure of an insurance agent to fulfill a voluntary undertaking to procure insurance, . . . requires demonstration of the classic elements of negligence, *i.e.*, '(1) duty, (2) breach of duty, (3) proximate cause, and (4) injury.'" *Kanellis v. Pac. Indem. Co.*, 917 So. 2d 149, 155 (Ala. Civ. App. 2005) (quoting *Albert v. Hsu*, 602 So. 2d 895, 897 (Ala. 1992)). Applying the elements of negligence to the procurement of insurance, Alabama courts have stated that once an insurance agent, "with a view toward compensation, undertakes to procure insurance for a client," the agent owes a duty to the client to "exercise reasonable skill, care and diligence in effecting" the coverage agreed upon. *Highlands Underwriters Ins. Co. v. Elegante Inns, Inc.*, 361 So. 2d 1060, 1065 (Ala. 1978).

Berkshire argues that there is no reasonable possibility that Plaintiffs can prove a negligent procurement claim against the Davenport Agency and Davenport for two reasons: (1) Plaintiffs' failure to read the insurance policy and to discern its coverage limits amounts to contributory negligence, thus barring their negligent procurement claim as a matter of law; and (2) there can be no negligent procurement because the Davenport Defendants did in fact procure an insurance policy for Plaintiffs. Neither argument is persuasive.

Starting with contributory negligence, the Alabama Supreme Court has "held that the doctrine . . . applies in the context of an insured's failure to read an insurance contract." *Crook v. Allstate Indem. Co.*, 314 So. 3d 1188, 1199 (Ala. 2020) (citing *Alfa Life Ins. Corp. v. Colza*, 159 So. 3d 1240 (2014)).  Here, however, the record does not support Berkshire's contributory negligence argument.

First, while Berkshire does attach to its notice of removal the forty-five-page insurance policy at issue (*See* Doc. # 1-5, at 19–64), it does not identify the specific provision or provisions of the policy that would have put Plaintiffs on notice that the damage they caused to their customer's mobile home was not covered under the policy.  Berkshire merely states that Plaintiffs should have read the policy.  Berkshire's failure to pinpoint the relevant provisions is problematic because it leaves the court guessing as to which terms of the policy so clearly prelude coverage.  Further complicating matters is the fact that the record does not indicate how and in what manner Plaintiffs damaged the mobile home.  These facts will undoubtedly impact whether Plaintiffs are entitled to coverage under the policy.  Simply put, Berkshire's failure to identify the relevant policy terms excluding coverage and the absence of facts surrounding how the damage to the mobile home occurred create significant doubts about whether Plaintiffs were contributorily negligent. *See City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012)

("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.") (cleaned up).

Second, Berkshire relies on *Kanellis* to support its contributory negligence argument. 917 So. 2d, at 149. As another district court found, this reliance is flawed: "*Kanellis* concerned a ruling upon motion for summary judgment, where the court had before it a factual record from which it could determine whether the plaintiff was on notice that the insurance policy did not provide the type of coverage the plaintiffs alleged they had sought." *Kieran v. CNA, CNA-LTC*, NO. CV 10-J-1816-S, 2010 WL 11618089, at *3 (N.D. Ala. July 13, 2010). Here, at the motion to remand stage, no such record exists that would permit a finding that Plaintiffs had notice that their policy did not cover the damage to their customer's mobile home.

Berkshire's second argument—that a claim for negligent procurement of insurance can be maintained only when an agent fails altogether to procure any insurance for a plaintiff—fares no better. Berkshire does not cite a single Alabama case supporting the limitation it seeks to impose on Plaintiffs' negligent procurement claim. Conversely, several Alabama state court decisions support Plaintiffs' theory that an insurance agent's failure to procure complete and adequate insurance can give rise to a negligent procurement claim. *See, e.g.*, *Crump v. Geer Bros., Inc.*, 336 So. 2d 1091, 1093–94 (Ala. 1976) (affirming jury verdict for the plaintiff based on his theory that the defendant agent did not procure complete and adequate coverage);

*Hickox v. Stover*, 551 So. 2d 259, 260–61 (Ala. 1989) (discussing a claim for negligent failure to procure "full, complete, and adequate insurance for the plaintiffs"), *overruled on other grounds by Foremost Ins. Co. v. Parham*, 693 So. 2d 409 (Ala. 1997); *Kanellis*, 917 So. 2d at 153 (discussing a claim for negligent procurement of insurance based upon allegations that the insurance coverage obtained was inadequate).[3]

Based on the foregoing, Plaintiffs did not fraudulently join the Davenport Agency and Davenport because there is at least a reasonable possibility that an Alabama court "*might* impose liability on the facts involved." *Crowe*, 113 F.3d at 1542 (cleaned up). As a result, the Alabama citizenship of the Davenport Agency and Davenport must be considered. When so considered, complete diversity does not exist.

Accordingly, it is ORDERED that Plaintiffs' motion to remand (Doc. # 7) is GRANTED. The Clerk of the Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Montgomery County, Alabama.

---

[3] The Davenport Agency and Davenport have answered Plaintiffs' complaint post removal. (*See* Doc. # 5.) In the answer, Davenport admits that he "relayed to" Plaintiffs "that he believed that the policies of insurance provided by" Berkshire and Penn Star "should provide coverage for the underlying claim." (Doc. # 5, at 5.) This admission, which is consistent with Plaintiffs' allegations, provides further support that Plaintiffs have an arguable negligent procurement claim under Alabama law.

DONE this 27th day of July, 2021.

                                         /s/ W. Keith Watkins
                                     UNITED STATES DISTRICT JUDGE